## Witherspoon *v.* Spring.

After a forthcoming bond taken and forfeited, a second execution, levy, and bond, on the same judgment, are absolutely void.

ERROR to the circuit court of Franklin county.

Stuart for the plaintiff in error, cited Rev. Code, 203, sect. 28; acts of 1827, 96–7.

Mr. Justice PRAY delivered the opinion of the court.

This cause came up from the circuit court of the county of Franklin.

The material facts of the case are as follows:

At the April term of said court, in the year 1833, the defendant in error obtained a judgment against the plaintiff for the sum of 245 dollars, 53¼ cents. On the 23d of August, of the same year, he sued out a writ of *fieri facias* upon the judgment so rendered, returnable to the ensuing term of October. This writ was duly levied on the property of this plaintiff, a forthcoming bond taken by the sheriff and forfeited.

On the 3d of September, 1834, a second writ of *fieri facias* was sued upon the same judgment, which was also levied on the property of the plaintiff, and a forthcoming bond taken. At the term of October, in the same year, the return term of the last mentioned execution, motion was made to quash the same, together with the levy, and bond made and taken in pursuance thereof for the following reason:

" That the judgment upon which said execution was awarded, had been fully satisfied by the levy of a former execution, and the taking and forfeiture of a forthcoming bond."

This reason, although fully established in the court below, was deemed insufficient to sustain the motion, which was accordingly overruled, and the cause brought to this court by writ of error.

[Witherspoon *v.* Spring.]

It has long been the settled law of this court, that the levy of a writ of *fieri facias*, followed by the taking and forfeiture of a forthcoming bond, is a full satisfaction of the judgment upon which the execution was issued.

This law being applied to the case before us, it will appear that the second execution, levy and bond were absolutely void.

The judgment of the court below must, therefore, be reversed, and the motion to quash sustained.